ANNA SCHIERLOH, Respondent, *v.* MATHILDA SCHIERLOH,
Appellant.

1. RESULTING TRUST — STATUTE OF USES AND TRUSTS. The provision
of section 53 of the Statute of Uses and Trusts (1 R. S. 728), preserving
the right to a resulting trust in cases "where the alienee named in the
conveyance shall have taken the same as an absolute conveyance in his
own name, without the consent or knowledge of the person paying the
consideration," is not available to the extent of the whole property con-
veyed, if at all, to one who paid less than the whole consideration.

2. RESULTING TRUST — STATUTE OF USES AND TRUSTS. The violation
of a mere promise, by the alienee named in a conveyance, to take a deed
in the name of another who had contributed to the consideration, is not a
violation of a trust within the meaning of the provision of section 53 of
the Statute of Uses and Trusts (1 R. S. 728), preserving the right to a
resulting trust in cases where the alienee named in the conveyance, "in
violation of some trust, shall have purchased the lands so conveyed with
moneys belonging to another person."

3. DEED TO HUSBAND — PART CONSIDERATION PAID BY WIFE. In an
action of ejectment to recover a life estate, subject to the defendant's
right of dower, brought by the devisee of a decedent against his widow,
the defense was interposed, that the defendant at the time of the death of
her husband was herself the owner of the whole estate in equity, and that
her husband had no interest he could devise to plaintiff. It appeared that
defendant, under a promise by her husband that he would take the deed
in her name, paid a part (less than a tenth) of the consideration for the con-
veyance of the land, which was taken absolutely by the husband in his
own name, without her consent or knowledge. *Held,* that the facts did
not bring the wife within the provisions of section 53 of the Statute of
Uses and Trusts, and that the payment of part of the consideration did
not vest in her any estate in the land conveyed.

Reported below, 72 Hun, 150.

(Argued December 6, 1895; decided December 19, 1895.)

APPEAL from judgment of the General Term of the
Supreme Court in the first judicial department, entered upon
an order made October 13, 1893, which affirmed a judgment
in favor of plaintiff entered upon a decision of the court at
Special Term, certain questions of fact having previously been
submitted to and found by a jury.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*George H. Yeaman* for appellant. Defendant's right to ' the property is with safety and certainty rested on those rules of equity that no one shall take advantage of his own wrong; that, to prevent this, equity will declare a trust; that parol contracts, partly performed, may be enforced, and the Statute of Frauds shall not be so used as to work fraud and rank injustice. (*Freeman* v. *Freeman*, 43 N. Y. 34; *Wood* v. *Rabe*, 96 N. Y. 414; *Huack* v. *Weicken*, 118 N. Y. 67; *Reitz* v. *Reitz*, 80 N. Y. 538; *Bitter* v. *Jones*, 28 Hun, 492; *Richmond* v. *Foote*, 3 Lans. 244; *Dodge* v. *Wellman*, 1 Abb. Ct. App. Dec. 512; *Korminsky* v. *Korminsky*, 21 N. Y. Supp. 611; 2 R. S. 1234; *Ryan* v. *Dox*, 34 N. Y. 307; *Carr* v. *Carr*, 52 N. Y. 251; *Wickes* v. *Clarke*, 3 Edw. Ch. 58; *Hunt* v. *Johnson*, 44 N. Y. 27; *Clarkin* v. *Clarkin*, N. Y. L. J., Dec. 16, 1892; *Bork* v. *Martin*, 28 Am. St. Rep. 570; *Warner* v. *Warner*, 31 N. E. Rep. 466.)

*George W. Roderick* for respondent. No resulting trust was created under the statute for the reason that the defendant did not advance the whole, or substantially the whole, consideration, nor did the deceased, in violation of some trust, purchase the premises in question with the money, or substantially with the money, of the defendant. (*Garfield* v. *Hatmaker*, 15 N. Y. 475; *Lounsbury* v. *Purdy*, 18 N. Y. 515; *Niver* v. *Crane*, 98 N. Y. 40; *Sayre* v. *Townsend*, 15 Wend. 647; *White* v. *Carpenter*, 2 Paige, 238, 241; 3 R. S. [8th ed.] 2437, §§ 51, 53; *Foote* v. *Colvin*, 3 Johns. 216; *Jackson* v. *Bateman*, 2 Wend. 570; *Guthrie* v. *Gardner*, 19 Wend. 414; *Jackson* v. *Walker*, 4 Wend. 462; *Wait* v. *Day*, 4 Den. 439; *Brewster* v. *Power*, 10 Paige, 569; 1 R. S. 747; *Cross* v. *Norton*, 2 Atk. 74.) The defendant's right to dower in the premises in question is a mere claim, and until it is assigned she has no interest in the property, and she is not entitled to remain in possession after the expiration of her quarantine. (*Kyle* v. *Kyle*, 67 N. Y. 404, 406; *Aikman* v. *Harsell*, 98 N. Y. 191, 192; *Corey* v. *People*, 45 Barb. 262; *Sigler* v. *Van Riper*, 10 Wend. 44; *Jackson* v. *O'Donaghy*, 7 Johns.

247; 2 Scribner on Dower, 67, 68; 1 Wash. on Real Prop. 271, 272; Tyler on Infancy & Cov. 617; 5 Am. & Eng. Ency. of Law. 906.)

O'BRIEN, J.  The plaintiff is the mother and the defendant the widow of one Kasten Schierloh who died November 30, 1887, seized in fee of the premises described in the complaint. It is conceded that by the will of the deceased the plaintiff was given a life estate in the premises, subject to the defendant's right of dower. This was an action of ejectment brought by the plaintiff to recover her life estate, and the courts below have sustained her claim.

The only defense interposed, which it is necessary to notice here, is that the defendant at the time of the death of her husband was herself the owner of the whole estate in equity, and, consequently, her husband had no interest which he could devise to the plaintiff. This defense rests upon the following facts which the trial court found, namely, that the defendant furnished her husband with $1,175 of the purchase price of the property under his promise to have the deed made to her, but that, notwithstanding such promise, he took the deed in his own name without her knowledge or consent. The property consists of a house and lot in the city of New York, which the deceased purchased October 28, 1873, for $13,500. He paid $5,500 down, which payment included the sum advanced to him by his wife, the defendant, and he took the deed. The balance of the purchase price, $8,000, he secured by a bond and mortgage. Before his death he had paid on this mortgage the sum of $5,000, besides the accruing interest, leaving $3,000 of the purchase price unpaid. The defendant's claim is that the payment by her of $1,175 of the purchase price, upon the promise of her husband to take the deed in her name, vested in her the whole equitable estate, subject to the balance due on the mortgage. The proof tended to show that during the lifetime of her husband the defendant collected and retained to her own use the rents of the property. The right of the defend-

14

ant to a lien upon the property to the extent of the money actually advanced by her is not involved in the case. It is conceded that this question cannot be determined in this action. The proper parties are not before the court, and, moreover, such a lien would be no defense to an action by the plaintiff to recover her life estate. The defendant's claim depends entirely upon the construction to be given to certain sections of the Statute of Uses and Trusts relating to cases where the consideration is paid by one party and the conveyance taken in the name of another.

" Section 51. Where a grant for a valuable consideration shall be made to one person, and the consideration thereof shall be paid by another, no use or trust shall result in favor of the person by whom such payment shall be made; but the title shall vest in the person named as the alienee in such conveyance, subject only to the provisions of the next section."

The next section makes such a grant fraudulent as to the creditors, at the time, of the person paying the consideration, and, where the fraudulent intent is not disproved, that a trust shall result in favor of such creditors, and then follows the provision upon which the defendant rests her claim:

" Section 53. The provisions of the preceding fifty-first section shall not extend to cases where the alienee named in the conveyance shall have taken the same as an absolute conveyance in his own name without the consent or knowledge of the person *paying the consideration*, or where such alienee, in violation of some trust, shall have purchased the lands so conveyed *with moneys* belonging to another person."

Conceding that there was a promise on the part of the husband to take the deed in the wife's name, it was a promise merely, and, in taking the deed in his own name, he may have violated that promise, but it was not in violation of any trust within the meaning of the statute. The exception in the fifty-third section applies in favor of a person who *pays the consideration*. That means the whole consideration, and not, as in this case, a part of it. The defendant advanced less than a tenth part of the consideration, and yet it is claimed

that the whole equitable estate vested in her. The payment by the wife of a *part* of the consideration for the conveyance to the husband does not vest in her any estate in the land. (*Niver* v. *Crane*, 98 N. Y. 40; *Lounsbury* v. *Purdy*, 18 N. Y. 515; *Garfield* v. *Hatmaker*, 15 N. Y. 477; *Sayre* v. *Townsend*, 15 Wend. 649; *White* v. *Carpenter*, 2 Paige, 238.) It may be that in cases where an aliquot or some other definite part of the consideration has been advanced, the parties intending that some specific interest shall vest in the person paying it, or in proportion to the sum paid, there might be a resulting trust to that extent. But in this case no such question arises, since the defendant's claim is that she was to have the whole estate in consideration of the sum advanced, and she does not claim that there was any intention to acquire any specific part of the property less than the whole as a tenant in common with her husband.

We think that the case was correctly decided in the court below and that the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.