(25 Misc. Rep. 388.)

### BRITTON v. HOOPER et al.

(Supreme Court, Special Term, New York County.    December, 1898.)

1. ARBITRATION AT COMMON LAW—PROCEDURE.
     A common-law submission to arbitration is not governed by Code Civ. Proc. § 2369, requiring arbitrators to be sworn or their oath waived in a certain way.

2. SAME—RIGHT TO SUBMIT AS AT COMMON LAW.
     Submission to arbitration may be made as at common law, notwithstanding the statutory provisions for arbitration.

3. SAME—IRREGULARITIES—WAIVER.
     The failure of arbitrators to compel the production of documents, or to swear witnesses, and the appearance of a party's counsel as a witness, are mere irregularities, which cannot be complained of after final submission.

Action by Reuben A. Britton against Thomas D. Hooper and others.    On motion to dismiss complaint.    Granted.

Dewey, Ingalls & Dorman, for plaintiff.
Melliss, Prior & Richards, for defendants.

COHEN, J.    A difference arose between the parties to this action as to the terms under which the plaintiff was employed by the defendants; the plaintiff insisting that the agreement for employment was for one year from June 1, 1886, at a salary of $50 a week and one-fourth of the net profits which the defendants might make in their branch office, of which the plaintiff had charge; the defendants, on the other hand, contending that the employment was at a weekly salary, as stated by the plaintiff, without any interest in the profits.    It was agreed to submit the question in dispute to the arbitration committee of the New York Stock Exchange.    The plaintiff, being a "nonmember" of that body, submitted a release of his claim to that committee before the hearing was held, on August 3, 1897, when a decision in favor of these defendants, with costs, was rendered.    Plaintiff seeks, in this action, to avoid the release so given, and to vacate and set aside the decision of the arbitration committee, and for judgment in his favor for the amount claimed to be due.

The plaintiff himself selected the tribunal to determine the dispute between him and these defendants, and now he seeks to invalidate this decision upon the ground that the arbitrators were not sworn as prescribed by section 2369 of the Code, and that their oath was not waived pursuant to that section.    In support of his position he cites the case of Flannery v. Sahagian, 134 N. Y. 85, 31 N. E. 319.    The record of that case shows that the arbitration agreement was expressly made pursuant to the provisions of the Code of Civil

Procedure, and the court makes clear the distinction between an arbitration under the Code provision and one under the common law. The submission here was not an arbitration pursuant to the Code, and therefore the failure of the arbitrators to take the oath does not invalidate the proceedings. Submissions may be competently made under, and governed by, the rules of common law or special rules, notwithstanding the statutory provisions for arbitration. Woodworking Co. v. Schnieder, 119 N. Y. 475, 24 N. E. 4.

The plaintiff also maintained that certain irregularities are sufficient to invalidate the award, such as the failure of the committee to compel the production of documents, the appearance of the defendants' counsel as a witness, and the failure of the arbitrators to swear witnesses. These, at best, are mere irregularities, which, so far as appears from the record, do not go to the merits, and were first complained of by the plaintiff on the 25th of September, 1897, more than six weeks after the proofs had been made and the matter finally submitted to the arbitrators. It has been expressly held that a submission to arbitration cannot be revoked by either party at such a stage of the proceedings, for mere irregularity. Woodworking Co. v. Schnieder, supra. The decision of the committee of arbitration, which the plaintiff invoked either to obtain a speedy determination or to intimidate the defendants by reason of the stringency of the stock exchange rules against the division of commissions, or for some other reason not apparent, should not, when the plaintiff finds it adverse to him, be readily disregarded and lightly set aside. The motion to dismiss the complaint must therefore be granted. No costs.

Motion granted. No costs.