(47 App. Div. 173.)

## MANN v. BENEDICT.

(Supreme Court, Appellate Division, Third Department. January 9, 1900.)

1. TRUSTS—DIVERSION OF FUNDS—EFFECT—PLEADING.

A complaint alleged that the sister of plaintiff, an infant, purchased land from defendant, paying a portion of the price, and giving a mortgage thereon for the balance; that plaintiff's father, who was trustee of her estate, under an arrangement with defendant and the sister, advanced $4,000 of funds which he held in trust for plaintiff in reduction of the mortgage, without receiving any security therefor, and with defendant's knowledge that the money so advanced belonged to plaintiff; that defendant subsequently foreclosed the mortgage, bought in the property, and recovered a deficiency judgment against the sister. *Held* to state a cause of action against defendant, since, she having knowingly co-operated in the wrongful diversion of the trust funds, plaintiff was entitled to a lien on the land therefor unaffected by the mortgage.

2. SAME—ACTION TO IMPOSE LIEN—PARTIES.

Where a trustee, in pursuance of an agreement with the vendor and purchaser of land, wrongfully diverted trust funds with which to reduce a mortgage given for part of the purchase price, with the vendor's knowledge, and such vendor thereafter foreclosed the mortgage, purchased the property, and recovered a deficiency judgment against the purchaser, the cestui que trust was entitled to sue the vendor to have the amount of such trust funds adjudged a lien on the land without joining the trustee or purchaser, since the purchaser's rights in the property were cut off by the foreclosure, and the parties to the transaction were subject to a several liability.

Appeal from special term, Rensselaer county.

Action by Phœbe M. Mann against Elizabeth H. Benedict to impose a lien for trust funds wrongfully diverted to the payment of a mortgage held by defendant. From an interlocutory judgment overruling a demurrer to the complaint, defendant appeals. Affirmed.

The allegations in the complaint are substantially as follows: On or prior to December 31, 1892, Orvellas Mann, the father of the plaintiff, she being then about 7 years old, was duly appointed her general guardian, and duly qualified and entered upon the duties of his trust. As such guardian, he received the sum of $5,000, the same being deposited in two savings banks in Albany. About the 1st of August, 1893, the defendant entered into negotiations with Nancy A. Mann, an elder adult sister of the plaintiff, and Orvellas Mann, for the sale of certain real estate owned by defendant, a specific description of which is set out. After negotiations, an agreement was reached by the parties by which the defendant agreed to sell, and Orvellas Mann and Nancy A. Mann agreed to purchase, said premises at and for the price of $10,000, the title to the property to be taken in the name of Nancy A. Mann. By the terms of this agreement, said Nancy A. Mann was to pay in cash the sum of $2,000, and Orvellas Mann was to advance and pay the sum of $4,000 of the trust funds of plaintiff in his hands as her general guardian, and the balance of the amount of the purchase price, being the sum of $4,000, was to be secured by a first mortgage upon the premises, to be given by Nancy A. Mann. This agreement was to be consummated by the payment of the money, including that of the infant, and the execution of the mortgage by Nancy A. Mann, on or about the 15th August, 1893. On or about that day the three parties went to Albany for the purpose of procuring the money of the plaintiff and of said Nancy, which was deposited there in certain banks, but they were unable to procure the same by reason of certain rules of the banks, except that said Nancy obtained $1,500. By reason of the failure of Orvellas Mann to procure the moneys of the infant at that time, it was agreed between the three parties, for the purpose of carrying into effect said agreement, that said

Nancy should pay to defendant the sum of $1,500, and the defendant should execute and deliver to her a deed of the premises, and she give back a mortgage in the sum of $8,500, and that when and as soon as the money of the infant, the sum of $4,000, could be obtained from the savings banks, the same should be paid to defendant in part payment of the purchase price, and in reduction of the mortgage to the amount originally stipulated between the parties, namely, the sum of $4,000. Thereafter, and about the 1st day of November, 1893, the said Nancy paid the sum of $500 to make up the $2,000 to be paid by her in pursuance of the original agreement; and on or about November 4, 1893, Orvellas Mann advanced and paid the sum of $4,000, the money of the plaintiff in his hands as guardian, upon the purchase price of the premises, without receiving any security therefor and in violation of his trust. This sum of $4,000 was paid to defendant, and invested by said Orvellas Mann in the property of defendant, with the full knowledge upon the part of the defendant that the said moneys were trust monys, and of the diversion of the same by the guardian from the proper uses and purposes of the trust. Subsequently, and on or about March 9, 1897, the said Nancy having failed to pay the interest upon the mortgage, the premises were sold, under judgment for the foreclosure and sale thereof, for the sum of $4,000, leaving a judgment for deficiency in the sum of $220 against the said Nancy. The defendant was the purchaser at the sale, and received the deed and entered into possession, and now holds the same, together with the money which the guardian of plaintiff wrongfully and unlawfully paid to her. Judgment is demanded that the said sum of $4,000, with interest from November 4, 1893, be adjudged a lien and charge upon the premises in the hands of the defendant, and that the premises be sold for the satisfaction of the same, and for such other and further relief as may be just. The defendant demurred to the complaint (1) upon the ground that there is a defect of parties defendant in the omission of Nancy A. Mann, mentioned in said complaint; (2) upon the ground that the said complaint does not state facts sufficient to constitute a cause of action.

Argued before PARKER, C. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Henry J. Speck, for appellant.
Lansing & Holmes, for respondent.

MERWIN, J. Under the allegations of the complaint, the money of the plaintiff is traced into the real estate therein described. It was delivered to the defendant, and received by her as part of the purchase price. There being a misappropriation by the general guardian, the plaintiff had a right to look to the land for indemnity. She had an equitable lien thereon to the amount of the trust fund invested in it. Ferris v. Van Vechten, 73 N. Y. 113, 119; Holmes v. Gilman, 138 N. Y. 369, 378, 34 N. E. 205. In the Ferris Case it is said (page 119):

"It must be conceded that trust moneys may be followed into lands to the purchase of which they have been applied, and the cestui que trust may elect whether to hold the unfaithful trustee personally responsible, or claim the lands, the fruits of the misappropriation of the funds, or cause the lands to be sold for his indemnity, and look to the trustee for any deficiency."

This lien was operative, not only as against Nancy A. Mann, to whom the title was conveyed, but as to subsequent holders of the title, who took with notice. 2 Story, Eq. Jur. § 1258; 2 Perry, Trusts (5th Ed.) § 828; 27 Am. & Eng. Enc. Law, 250; 2 Pom. Eq. Jur. § 1048. The defendant not only had notice, but herself received the trust fund with full knowledge of the diversion. She

co-operated with the guardian to bring it about. She is to be regarded as conniving with the guardian to work a devastavit. Colt v. Lasnier, 9 Cow. 320. She is therefore not in a position to claim that, under the mortgage given for the balance of the purchase money, she has a preference to plaintiff. If such preference was allowable, it might operate to deprive the plaintiff of any effectual remedy upon the land, and to that extent give to the defendant the benefit of her own wrong. The rights of the plaintiff were not bound or affected by the mortgage, so far as the defendant is concerned. 1 Perry, Trusts (5th Ed.) § 458, note 4, citing Mathews v. Heyward, 2 S. C. 239. The purchase on foreclosure did not enlarge the defendant's rights. 2 Story, Eq. Jur. § 1264; Warner v. Blakeman, *43 N. Y. 508. If trust property is wrongfully converted by the trustee, and constitutes, although in a changed form, a part of the assets of an estate with which it is commingled, priority of lien will be adjudged in favor of the trust estate. Cavin v. Gleason, 105 N. Y. 256, 262, 11 N. E. 504. If, in the present case, only a contract for sale had been given, and the money of plaintiff had been paid thereon with defendant's knowledge, there cannot be much doubt that the equitable lien of plaintiff would be a charge on the whole property, and overreach any interest of defendant therein. The position here is equitably no better for the defendant. Sufficient facts were, I think, stated in the complaint to constitute a cause of action.

It is claimed by the defendant that Nancy A. Mann is an indispensable party defendant. She has now no interest in the real estate, as that was cut off by the foreclosure of the mortgage. The right of the plaintiff is not based on any contract between the plaintiff and Nancy A. Mann, and therefore the views stated in Hovey v. Elliott, 118 N. Y. 124, 23 N. E. 475, cited on the part of the defendant, do not apply. The right of the plaintiff is based upon the wrong committed by the guardian with the knowledge and co-operation of the defendant and Nancy A. Mann. The liability of the wrongdoers is several. 1 Hill, Trustees, 520. The plaintiff is not concerned with any remedy that defendant may have against Nancy A. Mann. The right of the plaintiff does not depend on whether the defendant has any remedy at all against Nancy A. Mann. I fail to see how there is any defect of parties appearing on the face of the complaint.

Judgment affirmed, with costs, with usual leave to answer on payment of costs. All concur.