(36 Misc. Rep. 214.)

### GITELSON v. WEISBURG.

(Supreme Court, Appellate Term. October, 1901.)

NEW TRIAL—STATEMENT OF GROUNDS.

    Laws 1896, c. 748, § 1, requiring an order granting a new trial to recite the grounds on which it is based; is sufficiently complied with where plaintiff, against whom the verdict was rendered, took many exceptions to rulings on evidence, and the new trial is said to have been granted on the ground that errors were committed on the trial prejudicing plaintiff.

Appeal from municipal court of city of New York.

Action by Nehemiah Gitelson against Simon Weisburg. From an order vacating a judgment for defendant and granting a new trial, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and McADAM and GILDERSLEEVE, JJ.

Morris E. Meyers, for appellant.

S. N. Tuckman, for respondent.

GILDERSLEEVE, J. The case was tried before the justice of the municipal court without a jury, and judgment given for defendant. Thereafter the plaintiff made a motion for a new trial, which motion was granted. From the order granting such motion the defendant appeals. Such an appeal is authorized by section 1 of chapter 748 of the Laws of 1896. The statute, however, requires that the order shall recite the grounds upon which it is based. A failure to so recite the grounds will warrant a reversal. Manufacturing Co. v. Catharine, 25 Misc. Rep. 338, 55 N. Y. Supp. 475. The defendant claims that the order here does not sufficiently comply with this requirement. It is thus worded: "Now, upon motion of S. N. Tuckman, Esq., upon the ground that errors were committed upon the trial, prejudicing the above-named plaintiff,

it is ordered that the judgment be, and the same hereby is, vacated, and set aside, and that above-named plaintiff be awarded and have a new trial," etc. Defendant points out that from the wording of the order it would appear that the words "upon the ground that errors were committed," etc., referred rather to the grounds of the motion as set up by the plaintiff than to the justice's reasons for granting the motion. The contrary construction, however, would appear equally warranted. What the alleged errors were the order fails to state, but, presumably the reasons for the order were based upon one or more of the grounds set forth in section 999 of the Code of Civil Procedure, which are: (1) Exceptions taken on the trial; (2) insufficient or excessive damages; (3) that the judgment was contrary to the evidence or contrary to the law. A number of exceptions to the admission and exclusion of evidence were taken by the defendant at the trial. There was, of course, no questions of excessive or insufficient damages, so far as the defendant was concerned, as the judgment was in his favor dismissing the complaint, with costs, which was all he asked. There was, however, considerable dispute as to the facts, and it was for the justice to decide where the balance lay. If, upon reflection, he has decided that he was wrong in holding it to be in favor of defendant, he was warranted in granting a new trial. Or, finally, he may have concluded that he was wrong upon questions of law, and reached the conclusion that his judgment was contrary to law. We think, however, that in any view he should have specified the ground or grounds of his decision in the order more particularly than he has done. The justices of the municipal court must act in strict conformity with the statute. Nevertheless, technically speaking, there has been a compliance with the strict wording of the statute, since some ground for the decision is set forth in the order, viz. errors committed on the trial prejudicing the plaintiff. Upon the whole case we think the order should be affirmed. Order appealed from affirmed, with costs.

Order affirmed, with costs. All concur.