## TENOZA v. GOLLIEK et al.

(Supreme Court, Appellate Division, Second Department.   March 26, 1903.)

1. APPEAL—OPINION OF TRIAL COURT.
    On appeal to the Appellate Division the opinion of the trial court may be examined to ascertain the grounds it relied on in its disposition of the case.

2. NEW TRIAL—IMPROPER DISMISSAL.
    A new trial was properly granted when the trial judge dismissed the complaint as to certain defendants, as to whom plaintiff's evidence was sufficient to justify the jury in finding negligence, and when the evidence introduced later in the trial by the other defendants tended to show negligence on the part of defendants as to whom the action had been dismissed.

3. APPEAL—NEW TRIAL—EVIDENCE.
    Where the record on appeal does not contain the evidence on which a new trial was granted, but there was other evidence sufficient to sustain the order, it will be affirmed.

4. SAME—RECORD—OMISSION OF EVIDENCE.
    Where evidence is omitted from the record on appeal, the appellant must rebut the presumption that the order appealed from was sustained by such omitted evidence.

Appeal from Special Term, Kings County.

Action by Annie Tenoza, as administratrix of the goods, chattels, and credits of Albert Tenoza, deceased, against Stanley Golliek and others. From an order setting aside a dismissal of the complaint as to them, and an order granting a new trial, defendants Golliek and Smith appeal. Order granting new trial affirmed; other appeal dismissed.

See 64 N. Y. Supp. 99.

Argued before BARTLETT, WOODWARD, HIRSCHBERG, JENKS, and HOOKER, JJ.

Alvin C. Cass (Carl Schurz Petrasch, on the brief), for appellants.
Thomas F. Magner, for respondent.

JENKS, J.   These are two appeals by the defendant Golliek and Smith—one from an order of December 6, 1901, granting a motion made on the minutes to set aside a dismissal of the complaint as to them, and the other from an order of June 26, 1902, granting a new trial as to the same defendants. The learned justice who presided at the trial also presided at the Special Term when the second order was granted. It appears that the complaint was dismissed as to Golliek and Smith at the close of the plaintiff's case, but continued against the codefendant until the close of all of the testimony, when it was dismissed as to the codefendant also. The newly discovered evidence is the testimony of a witness called by the codefendant when put to its defense. It would seem that the ground for the second motion is the absence of the testimony of that witness in the record of the appeal from the first order, due to a decision of the learned trial justice that it was no part thereof. The substantial fact is that the learned trial justice thought that there should be a new trial granted for his error in dismissing the complaint. This is evident from his opinion handed

down on the motion on the minutes, and this opinion we are free to examine. Bryant v. Allen, 54 App. Div. 500, 67 N. Y. Supp. 89. He writes that he is satisfied that there was evidence put in by the plaintiff from which the jury could have inferred negligence on the part of the individual defendants; and in addition he writes that a very intelligent witness, who saw the accident, gave evidence after dismissal as to such defendants that the supporting plank or beam under the platform laid by the said defendants at the end thereof next to the elevator broke in the middle, and caused the accident. But, even if the record on the appeal from the order made on the minutes omits the testimony of the witness called by the codefendant, the answer may be made, first, that the decision is based partly upon the testimony adduced by the plaintiff; and, second, that it is the appellant who insists upon an error, which he must establish from the record, in face of the presumption that the omitted part would have sustained the decision. 2 Ency. of Pl. & Prac. 294, 425; Matter of McBride, 90 Hun, 259, 35 N. Y. Supp. 689.

The order granting a new trial upon the minutes should be affirmed, with costs. The order for a new trial for newly discovered evidence grants to the plaintiff substantially the same relief. The appeal from that order should, therefore, be dismissed, without costs. All concur.