(52 Misc. Rep. 523)

### ISRAEL v. URY et al.

#### (Supreme Court, Appellate Term. February 11, 1907.)

**1. NEW TRIAL—ORDER—RESETTLEMENT.**

Since Gen. Prac. Rule 31, requires orders granting new trials to specify the ground upon which they are granted, where an order setting aside a verdict for defendants and granting a new trial did not specify the grounds, it was error to overrule defendant's motion to resettle the order by inserting the ground upon which the order was granted.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, New Trial, §§ 330–334.]

**2. APPEAL—REVIEW—NEW TRIAL.**

The appellate court will consider the opinion of the trial court to ascertain the reason for granting a new trial, where the order does not specify it as required by Gen. Prac. Rule 31.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 2339.]

Appeal from City Court of New York, Special Term.

Action by William H. Israel against August Ury and others. From an order denying a motion for a resettlement of an order granting a new trial, defendants appeal. Reversed, and motion granted.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

Edgar Hirschberg (T. Channon Press, of counsel), for appellants.
Sanders & Feltenstein (Moses Feltenstein, of counsel), for respondent.

PER CURIAM. The issues were tried before the court and a jury, and a verdict rendered for defendants. A motion was made to set aside the verdict and grant a new trial. This motion was granted, without costs. A subsequent motion was made by defendants to re-

settle said order by inserting the grounds upon which the order was granted. This motion for a resettlement was denied, and from the order entered thereon the defendants appeal.

The original order states that:

"The said justice, * * * immediately after the rendition of the said verdict, having entertained a motion made on his minutes on behalf of plaintiff to set aside the verdict and for a new trial, to be granted on the exceptions taken on behalf of the plaintiff at the trial and upon all the grounds set forth in section 999 of the Code of Civil Procedure, except that the verdict was excessive, because the verdict was contrary to the law and contrary to the evidence, and after hearing, * * * ordered," etc.

The grounds upon which the motion was made sufficiently appear in the order, but the ground or grounds upon which it was granted are not specified. Rule 31 of the general rules of practice provide:

"Where an order grants or refuses a new trial, except on the exceptions taken during the trial, it shall specify the grounds upon which the motion was made and the ground or grounds upon which it was granted."

The learned court below has written an opinion, which the appellate court will consider, in order to ascertain the reason of the court below for granting the application to set aside the verdict and allow a new trial. Bryant v. Allen, 54 App. Div. 504, 67 N. Y. Supp. 89. It appears clearly from this opinion that the verdict was set aside as contrary to the evidence, and not on exceptions taken during the trial. The order appealed from comes within the provisions of rule 31, and the failure to recite the grounds upon which it was granted warrants a reversal.

The order is reversed, with $10 costs and disbursements, and the motion to resettle is granted, with $10 costs.