(52 Misc. Rep. 525)

### ISRAEL v. URY et al.

(Supreme Court, Appellate Term. February 11, 1907.)

**1. APPEAL—REVIEW—NEW TRIAL—GROUNDS—AVAILABILITY OF TRIAL COURT'S OPINION.**

Gen. Prac. Rule 31, requires orders granting new trials, except on exceptions taken during trial, to specify the grounds upon which the motions are made and granted. *Held*, that on appeal the Supreme Court may consider the opinion of the trial court to ascertain whether or not the order was granted on exceptions taken at the trial, where the order does not specify the ground upon which the new trial was granted.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, §§ 2966, 2967.]

**2. NEW TRIAL—COSTS—CONDITION OF NEW TRIAL.**

Where a new trial was granted on the ground that a verdict for defendants was against the evidence, the payment of costs should have been imposed upon plaintiff as a condition.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, New Trial, § 322.]

**3. APPEAL—NEW TRIAL—SPECIFICATION OF GROUNDS.**

Though the failure of an order to specify the ground upon which a new trial was granted, as expressly required by Gen. Prac. Rule 31, might ordinarily warrant a reversal, the Supreme Court will not resort to that measure where the trial court seemed to have been justified in setting aside the verdict as contrary to the evidence.

Appeal from City Court of New York, Special Term.

Argued before GILDERSLEEVE, MacLEAN, and AMEND, JJ.

Edgar Hirschberg (T. Channon Press, of counsel), for appellants.

Feltenstein & Rosenstein (Moses Feltenstein, of counsel), for respondent.

PER CURIAM. The issues were tried before the court and a jury, and a verdict was rendered for defendants. Immediately after the rendition of the verdict the plaintiff's counsel moved "to set aside the verdict upon the ground that on the conceded facts of the case it is contrary to the weight of evidence, contrary to the law, and in view of the fact that the defendants concede a certain amount is now due." The court entertained the motion and subsequently granted the same, stating his reasons therefor in a written opinion, forming part of the

record. From the order setting aside the verdict and granting a new trial, defendants appeal.

The respondent's counsel claims in his brief that the appellants stipulated that the only question to be raised on this appeal was "whether or not the trial court can set aside the verdict of a jury, as being against the weight of evidence, without imposing costs as a condition." No such stipulation is annexed to the record, and neither party has confined himself to that one question on this appeal. The order under consideration stated the grounds upon which the motion was made, but does not specify the grounds upon which it was granted. Rule 31 of the general rules of practice provides:

"When an order grants or refuses a new trial, except on exceptions taken during the trial, it shall specify the grounds upon which the motion was made and the ground or grounds upon which it was granted."

. The counsel for respondent claims that we have no right to consider the opinion of the trial court in order to ascertain whether the order was granted on the exceptions taken at the trial or not, and he cites in support of this contention a number of decisions of the Court of Appeals which have no bearing upon the case at bar. In the case of Bryant v. Allen, 54 App. Div. 504, 67 N. Y. Supp. 89, Mr. Justice Patterson used the following language, viz.:

"It has been intimated that the opinion of the trial judge cannot be referred to in order to ascertain the grounds or reasons for his disposition of the case. That such use cannot be made of an opinion of a lower court in the Court of Appeals has been very frequently stated by that tribunal, but in this court a contrary rule prevails. It is required that in all cases in which opinions have been written by the court below they shall appear in the appeal book, or their absence therefrom be accounted for by affidavit, and by rule 41 of the general rules of practice the opinion of the court below is made in express terms a part of the record."

Upon examining the opinion of the court below in the case at bar, we find that, putting away all other considerations, he based his decision wholly upon the ground that the verdict was contrary to the evidence. Indeed, in the statement prefixed to the record it especially appears that:

"The opinion states that it [the motion] was granted on the ground that the verdict was contrary to the evidence."

It therefore appears that the new trial was not granted on exceptions taken during the trial, and that the order comes within the scope of rule 31, with the requirements of which it fails to comply.

So far as the question of costs is concerned, we quote from the opinion of Mr. Justice Hirschberg, in the case of Helgers v. Staten Island Midland R. R. Co., 69 App. Div. 570, 571, 75 N. Y. Supp. 34, as follows:

"The defendant's motion for an order setting aside the verdict and granting a new trial was made upon all the grounds stated in Code Civ. Proc. § 999; but the written opinion of the learned trial justice makes it quite clear that it was granted because the verdict was deemed to be against the weight of evidence, and because the amount, although very small, was regarded as excessive under the proof. * * * But it was error to grant the favor of a new trial, because of a mistake upon the part of a jury, without imposing the payment of the costs of the first trial upon the party at whose instance the new trial was ordered. This is the settled rule of practice, and, as was said by

the former General Term in the Third Department in O'Shea v. McLear (Sup.) 1 N. Y. Supp. 407, this rule seems too firmly established to be departed from, even in a case of seeming hardship. * * * In accordance with the authority of these cases and the long-settled practice of the Supreme Court, the order must be modified by inserting a provision requiring the defendant to pay the costs of the trial and all disbursements in the action to date, together with the costs of this appeal."

The above-quoted authority seems peculiarly applicable to the case at bar. Although the failure to comply with rule 31 might ordinarily warrant a reversal (Gitelson v. Weisburg, 36 Misc. Rep. 214, 73 N. Y. Supp. 195), still we are reluctant to resort to that measure, in view of the fact that the learned court below seems to be justified in setting aside the verdict under the testimony offered at the trial. We shall therefore adopt the course followed in the case of Helgers v. Staten Island Midland R. R. Co., supra, and modify the order by inserting therein a provision imposing the payment of costs as a condition for granting the new trial, and, as modified, affirm the order, with costs of this appeal.

Order modified, by inserting therein a provision imposing the payment of costs as a condition for granting the new trial, and, as modified, affirmed, with costs of this appeal.

---

(52 Misc. Rep. 523)

### ISRAEL v. URY et al.

(Supreme Court, Appellate Term. February 11, 1907.)

1. NEW TRIAL—ORDER—RESETTLEMENT.

    Since Gen. Prac. Rule 31, requires orders granting new trials to specify the ground upon which they are granted, where an order setting aside a verdict for defendants and granting a new trial did not specify the grounds, it was error to overrule defendant's motion to resettle the order by inserting the ground upon which the order was granted.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 37, New Trial, §§ 330–334.]

2. APPEAL—REVIEW—NEW TRIAL.

    The appellate court will consider the opinion of the trial court to ascertain the reason for granting a new trial, where the order does not specify it as required by Gen. Prac. Rule 31.