JAMES FAIR *vs.* WILLIAM FAIR.

Middlesex.  January 16. — 17, 1877.  MORTON & ENDICOTT, JJ., absent.

A. and B. owned a parcel of land as tenants in common equally.  A., with the consent of B., but at his own expense, built a house on the land, underpinned with stone and brick, and with a cellar.  On a petition for partition by A., a decree was entered that partition be made between the parties, and commissioners were appointed to make it one half to each.  The commissioners divided the land equally without regard to the house, and assigned the portion on which the house stood to A.  This report was affirmed by the Probate Court.  *Held*, on appeal by B., that there was nothing in the facts stated to require this court to hold as matter of law that the house was real estate, or was so considered by the court below.

APPEAL by William Fair from a decree of the Probate Court, accepting the report of commissioners, appointed on petition of James Fair, to make partition of a parcel of land in Natick. The petition set forth that the petitioner and respondent were seised and possessed of the land as tenants in common in equal shares, and that the shares were not in dispute.  A decree was entered for partition in accordance with this petition, and commissioners were appointed " to make partition of the estate described between the tenants in common thereof, whose names and shares are as follows : James Fair and William Fair, one

---

half each." Their report stated that they "find upon said estate a house erected by James Fair, with the knowledge and consent of William Fair; said house is underpinned with stone and brick, and has a cellar under the same; said house is considered in our appraisal of said estate;" and also stated that the land was divided by them equally between the parties, each part being appraised at the same sum.

At the trial in this court, before *Morton*, J., it was admitted that the parties purchased the land and took a conveyance of the same to themselves jointly, as tenants in common, in equal shares; that the petitioner built a house, worth $2300, upon the premises at his own expense, with the knowledge and by the verbal consent of the appellant; that the value of the land set off to each of the tenants is substantially equal, but the house stands upon the portion set off to the petitioner, the commissioners dividing the land without regard to the house or its value, and assigning no part of the same, or its equivalent, to the appellant.

The appellant requested the judge to rule: "1st. The dwelling-house erected upon the premises, in manner and under the circumstances aforesaid, became and was a part of the realty; or, 2d. The judgment of the Probate Court for partition as aforesaid was conclusive upon the parties that said house was a part of and belonged to the realty, and that the commissioners had no authority to inquire or determine whether said house was erected by petitioner alone, or not, or to disregard the same in making the division."

The judge declined so to rule, and affirmed the decree of the Probate Court. The appellant alleged exceptions.

*P. H. Cooney*, for the appellant.

*L. H. Wakefield*, for the appellee.

BY THE COURT. There is nothing in the record, or in the facts stated in the bill of exceptions, which requires the court to hold, as matter of law, that the house in question was real estate, or was so considered by the commissioners or by the Probate Court. *Howard* v. *Fessenden*, 14 Allen, 124.

*Exceptions overruled.*