ANN SKEHILL *vs.* JOHN E. ABBOTT, administrator, & others.

Middlesex.    March 18, 1903. — September 2, 1903.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Trust*, Resulting. *Equity Pleading and Practice. Words*, "Aliquot."

In a suit by a widow to establish a resulting trust in certain land standing in the name of her late husband, it appeared, that the plaintiff had contributed $1,000 toward the purchase of the land for $2,500, that the plaintiff stipulated that her name should be in the deed and that it should appear in the deed for her interest in the property, and that her husband agreed to this but instead of keeping his agreement took the whole title in his own name. The trial judge found that it was understood between the plaintiff and her husband that she should have a two fifths interest in the land and that it was on that understanding that she parted with her money. *Held*, that on the finding a resulting trust was established.

Findings of fact by a judge sitting in equity will not be reversed on appeal unless plainly wrong.

BILL IN EQUITY, filed July 24, 1902, by the widow of Patrick Skehill, against the children of her late husband by a former marriage, to establish a resulting trust in certain real estate in Watertown.

In the Superior Court *Hardy*, J. found that a resulting trust had been established, and made a decree that two fifths of the property on Royal Street in Watertown standing in the name of the late Patrick Skehill should be set apart for the sole use and benefit of the plaintiff by partition, or, if partition should not be practicable, that the whole property should be sold and two fifths of the proceeds paid to the plaintiff.

The defendants appealed. The judge made a finding of facts, called memorandum for decree, and there also was a report of evidence by a commissioner appointed under Chancery Rule 35.

*C. H. Innes*, (*J. B. Ferber* with him,) for the defendants.

*L. G. Blair*, (*C. J. Flagg* with him,) for the plaintiff.

LORING, J. This is a bill in equity by a widow who claims an undivided two fifths interest in a parcel of land by way of a resulting trust. The title to the land was taken in the name of her husband, now deceased, but she contributed $1,000 of the $2,500 which was paid for it. The judge who tried the case

found these facts: The plaintiff was sixty years old, was not able to read or write, and was ignorant of business methods and the meaning of legal instruments. It was understood between the plaintiff and her husband that she should have the benefit of the $1,000 contributed by her to provide for her old age, and it was at first suggested that this should be effected by the husband's taking the title and giving a mortgage to secure the payment of the $1,000. This was abandoned on the husband's reporting that a lawyer who was consulted by him had said that there could be no mortgage between husband and wife. The plaintiff then said that she wanted her name to be in the deed, and this was agreed to by the husband. In addition to these facts found by the judge there was evidence that the plaintiff not only stipulated that her name should appear in the deed, but what she insisted on was that it should appear in the deed for her interest in the property. The judge further found that in place of keeping his agreement the husband took the whole title in his own name, and the title remained in him until he died; and that although the plaintiff did not stipulate for an undivided two fifths interest in terms, yet that was what was understood between the plaintiff and her husband, and it was on that understanding that she parted with her money. We are of opinion that this brings the case within *Hayward* v. *Cain,* 110 Mass. 273, and takes it out of *McGowan* v. *McGowan,* 14 Gray, 119, *Snow* v. *Paine,* 114 Mass. 520, *Bourke* v. *Callanan,* 160 Mass. 195, and *Dudley* v. *Dudley,* 176 Mass. 34. See also *Bancroft* v. *Curtis,* 108 Mass. 47; *McDonough* v. *O'Niel,* 113 Mass. 92.

The defendants contend that unless a plaintiff has stipulated for such a fraction as is contained in the whole without a remainder no resulting trust can be created, that is to say, if one person contributes $500 where the purchase money is $2,500, stipulating for an undivided fifth interest, a resulting trust is raised in his favor, but if he has parted with $1,000 for the same purchase, stipulating for an undivided two fifths interest, he would not be entitled to anything by way of a resulting trust. They arrive at this extraordinary conclusion by finding first that the court in some of the cases cited above has said that it is not enough for a plaintiff to have contributed to the purchase money, but he must have stipulated for an aliquot interest in the prop-

erty; and then by finding that it is laid down in the dictionaries that the word "aliquot" means something contained in another a certain number of times without leaving a remainder.

Whatever definition may be given in the dictionaries, the word "aliquot" was used in these opinions to mean a "particular fraction of the whole," as distinguished from a general contribution to the purchase money. To that effect see *McGowan* v. *McGowan*, 14 Gray, 119, 121.

The other point made by the defendants is that the judge was wrong in his findings of fact. There was a direct conflict between the witnesses on the question whether the plaintiff's $1,000 was lent to the husband or was contributed for an interest in the property. The judge saw the witnesses and heard the testimony of the plaintiff. It is enough that his decision was not plainly wrong. *Dickinson* v. *Todd*, 172 Mass. 183, and cases cited.

*Decree affirmed.*