ANNA K. McKELVEY, *Appellant*, v. JOHN A. McKELVEY *et al.*, *Appellees*, and I. O. PICKERING, *Appellant*.

### No. 16,671.

#### SYLLABUS BY THE COURT.

1. PARTITION—*Compensation for Improvements Made by a Cotenant.* Where an owner of land fraudulently transferred a tract to his son for the purpose of defeating his wife from obtaining a widow's statutory share therein at his death, and where after his death it was determined in a trial of title that the transfers were void and that his widow was entitled to one-half of the land, the son is not entitled to an allowance in a partition proceeding for improvements made upon the land before his father's death and while he was engaged in the attempt to defraud the widow.

2. ——— *Same.* It is competent for a court in making partition of land among cotenants to award compensation for lasting and valuable improvements which enhanced the value of the land and were made in good faith by one of the cotenants.

Appeal from Johnson district court.   Opinion filed October 8, 1910.   Reversed.

McKelvey v. McKelvey.

*I. O. Pickering,* for the appellants.

*F. R. Ogg,* and *S. D. Scott,* for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This appeal involves an allowance for improvements in distributing the proceeds of the sale of lands made in a proceeding in partition. The rights and ownership of the several contending parties in the tract of land were determined in *McKelvey v. McKelvey,* 79 Kan. 82. In pursuance of the mandate in that case judgment was rendered awarding four-eighths of the tract to John A. McKelvey (he having acquired the shares of the other children), three-eights of it was awarded to Anna K. McKelvey, and one-eighth to I. O. Pickering. As partition in kind could not be made, a sale of the land was ordered. Commissioners were appointed who appraised the land with improvements on it at $15,630, fixing the value of the improvements at $4430, leaving the value of the land without improvements on it at $11,200. John A. McKelvey elected to take the land at the appraised value, and paid $7815 into court, being one-half of the appraised value of the land with the improvements. Account was taken by the court of the taxes paid by John A. McKelvey on the land since June, 1903, when his father died, and three-eighths of the amount, to wit, $128.29, was charged to Anna K. McKelvey and one-eighth of the amount, $42.76, was charged to I. O. Pickering. It had previously been decided that appel-lants, who had been wrongfully kept out of the possession of the land, were entitled to rents on one-half of the tract at the rate of $3 per year per acre from June 24, 1903. Allowances were made for attorney's fees and costs, and these were apportioned among the parties. No complaint is made of these allowances, nor of those made to John A. McKelvey because of the payment of taxes, but Anna K. McKelvey and I. O. Pick-

ering do complain of the ruling charging them with $2400 for the improvements that had been made and deducting that sum from their shares of the proceeds of the sale.

In making partition it is competent for a court to allow a cotenant compensation for improvements honestly made which add to the value of the land. (*Sarbach v. Newell,* 30 Kan. 102; *Scantlin v. Allison,* 32 Kan. 376.) The improvements which become the subject of equitable recognition and adjustment in partition, however, are those made during the joint ownership of the parties. In this case most of the improvements for which an allowance was made were put upon the land when it was owned by John C. McKelvey, the father of appellees. From the abstract it appears that $1000 of the amount was expended in the erection of a dwelling house in 1885, that three years later $400 of the amount was expended in the erection of a barn, and at some later time not stated $600 was expended for other improvements upon the land. The land was the property of John C. McKelvey until his death, on June 24, 1903. The pretended negotiations and transfers of the land under which appellees claimed were fraudulent and void. It can not be claimed that the improvements placed upon the land by appellees prior to the death of John C. McKelvey were made in good faith. The transfers to and the occupancy of appellees were a part of a fraudulent scheme to defeat Anna K. McKelvey from obtaining a share in her deceased husband's estate to which she was entitled under the statute. These improvements were made with a wrong purpose, with full knowledge of the facts; were made without any inducement or consent of appellants, and there is no equitable consideration which requires an allowance for compensation for improvements so made. When John C. McKelvey died one-half of his land, as it then stood, descended to his widow and the other half

to his children.  They then became cotenants, and any lasting improvements honestly made thereafter which enhanced the value of the land may be the subject of equitable recognition and compensation in making the partition.   (Code 1909, § 648; *Phipps v. Phipps*, 47 Kan. 328.)   The credits and charges are to be reckoned from June 24, 1903, when John C. McKelvey died. That was the time when his widow and children acquired their several interests in the land.  The widow and Pickering, to whom she sold one-eighth of the land, were properly charged with the taxes paid by John A. McKelvey after that time.  They were also properly credited with the rents and profits which accrued subsequent to that time, and John A. McKelvey can not rightfully claim compensation for improvements made before his father died and the property descended to his heirs.  The record does not disclose whether any improvements were made after the devolution of the property, but does show that improvements of the value of $1400, for which a claim was made, were put upon the land long prior to the death of John C. McKelvey.  It is impossible to determine from the findings whether appellees are entitled to any compensation for improvements on the land, and, if any, how much, and hence this must be left for further action of the trial court, guided by the rules herein stated.

The order of distribution must therefore be reversed and the cause remanded for further proceedings.