FELIX CISEWSKI v. MARY CISEWSKI and Another.[1]

May 7, 1915.

Nos. 19,160—(88).

**Trust — following property — election of remedy.**
> Plaintiff and defendant are husband and wife and owned in equal shares a common fund of which the wife had the custody. Without the husband's consent or knowledge, the wife used this fund in the purchase of real estate. Plaintiff elected by this action to follow the property in its substituted form and to claim a half interest in the property so purchased. It is *held:*
>
> (1) On the facts as found plaintiff had the right to follow the property in its substituted form and to judgment declaring him to be a half owner therein.
>
> (2) Having elected this remedy, and the facts entitling him to it, the court had no discretion to deny the relief asked and to elect for plaintiff the remedy of a personal judgment secured by lien on the property.

Action in the district court for Winona county to adjudge the respective interests of plaintiff and defendants in the premises described, and to decree that defendant Edna Cisewski held the title to the same in trust for the benefit of plaintiff and defendant Mary Cisewski. The case was tried before Snow, J., who made findings and ordered judgment that the action should be dismissed as to defendant Edna and that plaintiff was entitled to recover from defendant Mary the sum of $2,168.50, with a lien on the premises to secure the same. This conclusion was amended as stated in the opinion on page 286. From the judgment entered pursuant to the amended findings, plaintiff appealed. Reversed.

*Brown, Abbott & Somsen,* for appellant.
*Webber & Lees,* for respondent.

BUNN, J.

This action was brought to have it adjudged that defendant Edna Cisewski held the title to the Commercial Hotel property in Winona

1 Reported in 152 N. W. 642.

in trust for the benefit of plaintiff and defendant Mary Cisewski, and that she convey the property to them share and share alike. This appeal is from a judgment rendered on the findings of the trial court, and the question is whether these findings justify the judgment appealed from.

The facts as found by the trial court are these: Plaintiff and defendant Mary Cisewski are and have been for many years husband and wife. Defendant Edna is their daughter. On August 29, 1913, plaintiff and his wife were equal owners in common of a fund of $4,337, of which the wife was the custodian. For some three years before this date they occupied the Commercial Hotel; they had together planned and negotiated its purchase at a price of $4,200, the negotiations being carried on chiefly by the wife. In July, 1913, the owners of the property raised their price to $4,400, whereupon the plaintiff declared that he would have nothing more to do with the proposed purchase. Defendant Mary then proceeded to buy the property for her own sole benefit, at the price of $4,337. Without the consent or knowledge of plaintiff she used and paid over to the owners of the property the whole of the fund before mentioned, half of which belonged to plaintiff. She caused the conveyance to be made to the daughter, defendant Edna, who gave back a deed to defendant. The deed to Edna was recorded, but that from her to defendant was not. Edna had in fact no beneficial interest in the property. The deed was taken in her name and her deed kept off the record to deceive plaintiff, and induce him to believe that he had no right or interest in the property. Plaintiff never consented to the use of his share of the fund in the purchase of the property, and has never ratified or confirmed such use.

As conclusions of law from these facts, it was determined that the action should be dismissed as to defendant Edna; that plaintiff was entitled to recover from defendant Mary the sum of $2,168.50 or one-half of the common fund used by defendant in the purchase of the hotel, with interest from the date she appropriated it. Plaintiff was given a lien upon the hotel property to secure this sum, and it was provided that if the sum and interest were not paid within 60 days the property might, at the instance of the plaintiff,

be sold, and that out of the proceeds of such sale there be paid plaintiff the above sum and interest.

Thereafter, on motion of the defendant, the conclusions of law were amended so as to provide that, if it should be necessary for defendant to borrow the sum required to be paid by her to plaintiff, plaintiff should, on written request of defendant, join with her in the execution of a mortgage on the property to secure such loan, or at his option deliver to the lender an assignment of his lien as security for such loan. Judgment was thereafter entered in accordance with the conclusions of law as amended, and plaintiff appealed therefrom to this court.

Was the court justified in giving plaintiff a money judgment instead of the judgment he asked for, an equal interest in the property? To state the question in other words, did plaintiff have an absolute right to be adjudged the owner of a half interest in the property purchased with the fund of which he was half owner, or was there a discretion in the trial court to deny this relief, and give instead a personal judgment, secured by a lien on the property?

We must accept as correct the finding of the trial court that plaintiff and his wife were equal owners in common of the fund of $4,337 and that plaintiff's half was held by his wife in trust for him. This was the contention of plaintiff, was sustained by the court and defendant does not appeal. The fund was used by defendant Mary, without plaintiff's knowledge or consent, and apparently against his wishes, in the purchase of the real estate. That this was a conversion of plaintiff's share can hardly be doubted, and he clearly was entitled to the relief granted by the trial court, a judgment secured by a lien upon the real estate. But he did not ask for this relief. He elected to recover his property in its new form. Under the findings defendant's use of plaintiff's half of the fund was a breach of trust. Unless there is something in the relation of the parties as husband and wife that changes the case, it would seem fairly clear that plaintiff had the absolute right to choose his own remedy, and that, having elected to claim the property in its substituted form, the court was without power to deny him this relief and compel him to take a remedy that he did not elect. We know of no author-

ity or principle that gives the court the right of election between remedies that belongs to a party, especially when there has been a plain election by the party. It cannot be seriously claimed that plaintiff, on the facts established by the findings, did not have the right to elect to claim his share of the fund in its substituted form— the hotel property purchased with it. The relation between the parties was confidential and fiduciary, and there was a breach of trust in using the money in the purchase of the hotel without the knowledge of plaintiff and after he had refused to consent to the transaction. The fund was traced and identified in its substituted form. Under these circumstances, the right to elect to claim the property itself is clear. Twohy Mercantile Co. v. Melbye, 78 Minn. 357, 81 N. W. 20, 3 Dunnell, Minn. Dig. § 9916. Shearer v. Barnes, 118 Minn. 179, 136 N. W. 861. We are not able to perceive any obstacle to granting plaintiff this relief in the present case, or any basis for the exercise of its discretion by the trial court, unless, as before stated, there is something in the marital relation that makes the ordinary principles of equity inapplicable. The trial court apparently acted on this view, as it selected the remedy it did for two stated reasons: (1) A judgment awarding half of the realty to plaintiff would leave that half subject to the wife's inchoate interest therein, while she had no such interest in his half of the fund. It occurs to us here that plaintiff would have an inchoate interest in her half of the realty, and that the suggestion states no obstacle to giving the remedy asked. (2) Indications of a permanent estrangement between the parties which would make a holding of property in common inconvenient and provocative of additional dissension. This is not a valid reason. If the parties, embittered by their disagreements in this litigation, find it inconvenient or impossible to own real estate in common, the courts could afford relief, probably in a partition sale. Grace v. Grace, 96 Minn. 294, 104 N. W. 969, 4 L.R.A.(N.S.) 786, 113 Am. St. 625, 6 Ann. Cas. 952. We see nothing in the relation of the parties to warrant refusing the relief asked. Of course this court cannot try this case de novo. It may be that the wife was the head of the family, that she earned a very large portion of the common fund. It is clear that she was

its custodian and had its management, but on the findings half of it belonged to plaintiff. We must determine this appeal on the facts as found by the trial court. Our conclusion is that these facts did not justify the court in refusing plaintiff the relief that he asked. Having exercised his undoubted right to elect between two available remedies, it was not for the court to elect for him. There is no claim that plaintiff, by either his actions or silence, ever elected the remedy that the court gave him.

Judgment reversed with directions to amend the conclusions of law and to grant judgment for plaintiff as asked in his complaint.