## John B. Bartholomew et al., Appellees, v. Lura H. Bartholomew, Appellant.

## Gen. No. 6,310.

1.  PARTITION, § 72*—*what compensation should be allowed to those making improvements on land in partition suit.* In a partition suit, where sale was had, those who had lawfully made improvements on the land would be allowed by way of compensation the actual increase of the price received at the sale in consequence of the improvements.

2.  TENANCY IN COMMON, § 5*—*right of one tenant to make improvements.* A tenant in common may make proper improvements on the land without his cotenant's consent.

3.  PARTITION, § 72*—*what compensation should be allowed in partition suit to tenant in common making improvements on land.*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Bartholomew v. Bartholomew, 203 Ill. App. 510.

Where a tenant in common had so improved the land as to add to its value a certain sum, but at a sale of the land, in a suit for partition thereof, a sum less than the aggregate of the original value and the added value was realized, *held* that the depreciation should be charged proportionately to both the original and the added value, and such tenant credited with the fraction of the sum found to be the enhanced value of the land which such tenant's interest bore to the entire interest in the land.

Appeal from the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed August 10, 1916. Rehearing denied October 11, 1916.

H. CLAY CALHOUN and SUCHER & MOORE, for appellant.

R. RADLEY, for appellees.

MR. JUSTICE DIBELL delivered the opinion of the court.

Albertus Y. Bartholomew died intestate leaving a widow and five children surviving him as his only heirs at law, and leaving a farm of about five hundred and twenty-two acres in Peoria county. John B. Bartholomew, one of his children, bought the interests in said farm of all the other children, except his sister Lura H. Bartholomew, and thereupon became the owner of four-fifths and she of one-fifth. Thereupon he made extensive improvements upon said farm and filed a bill in partition against his sister and others. There were incumbrances and questions of dower and matters of rent, all of which have been adjusted by the decrees of the court below and those matters are disposed of. The decree sought to compensate complainant for the improvements, which compensation was asked in the bill. His sister's answer denied that he was entitled to any compensation for said improvements, because they did not increase the value of the premises and because she had never

requested or consented to said improvements. She claims here that if any allowance should be made to him, the allowance which was made is grossly excessive. This is an appeal by her on that subject only.

From *Louvalle v. Menard*, 6 Ill. (1 Gilm.) 39 to *Bayley v. Nichols*, 263 Ill. 116, the rule prevailing in this State has been that in partition, where a sale is had, those who have lawfully made improvements upon the premises are allowed by way of compensation the actual increase of the price received at the sale in consequence of the improvement. It is also clear that a tenant in common in possession may make proper improvements without the consent of his co-tenant. The real dispute here arises in the application of these principles.

The cause was twice referred to the master to report proofs and conclusions and he did make such reports, and the decree on this subject is based thereon. The reports are not set out in the abstract and we might very properly refuse to consider the question, but we have concluded to pass upon the merits of the controversy. The court found that before the improvements were made the premises were worth $44,000; that the improvements increased the value of the premises $5,000; and that after the improvements were made the premises were worth $49,000. The farm brought at the sale $45,500. It is the contention of the appellant that this showed that the improvements only added $1,500 to the value of the farm and that she should pay to her brother only one-fifth of that sum. She seeks to place the entire depreciation upon the improvements. The court below distributed the depreciation pro rata between the value of the farm before the improvements were made and the value of the farm afterwards, and held that the sale was for four hundred and fifty-five four hundred and ninetieths of the value as improved, and allowed

the complainant to be credited with that fraction of the sum which it had been found that the premises were enhanced in value by the improvements. That fraction of $5,000 would be $4,559.10, and $911.82 is one-fifth of that sum and is the amount which the court found the improvements had added to the selling price of her share. The proof is very clear that these improvements had added to the actual value of the farm, at least as much as the court found. There is nothing to indicate that the shrinkage at the sale from the values, which the court had found, was only in the improvements and not in the land itself. In *Bradley v. Simpson*, 93 Ill. 93, where a similar question was involved, it was held that as there was nothing in the case to indicate to the contrary it would be assumed that the depreciation was in the same proportion upon the land and buildings. We think the court justly followed that rule in this case. The decree is therefore affirmed.

*Affirmed.*

Mr. Presiding Justice Niehaus took no part.