## LOUISA GUMMISON v. S. M. JOHNSON.[1]

June 24, 1921.

No. 22,296.

**Vacating judgment — answer not a defense.**
 1. The proposed answer did not show a defense, and the motion to open the default judgment was properly denied.

**Husband and wife — resulting trust — fraud.**
 2. Where the husband's earnings pay for land, but the title is taken in the wife's name, she becomes the absolute owner under section 6706, G. S. 1913, and no resulting trust or trust ex maleficio can be declared under section 6708, G. S. 1913, when it appears that the title was so taken with his knowledge and acquiescence, and the only fraud charged against her was misrepresentations as to the law bearing upon the property rights of husband and wife.

**Community property not recognized in Minnesota.**
 3. The community property doctrine as to accumulations of husband and wife does not exist in this state.

Action in ejectment in the district court for Douglas county, and to recover $100 damages for withholding the premises. The case was tried before Parsons, J., who made findings and ordered judgment in favor of plaintiff. From an order denying his motion to open the judgment and for leave to defend, defendant appealed. Affirmed.

*H. Zander,* for appellant.
*Gunderson & Leach,* for respondent.

HOLT, J.

The parties were married in 1885. In 1896 they bought a small farm for a home, in Douglas county, the title being placed in plaintiff. They had no children. In 1907 plaintiff sued for divorce on the ground of cruelty, but was defeated. She then appears to have moved to North Dakota, where two actions for the same purpose were brought, both

[1]Reported in 183 N. W. 515.

being dismissed on the merits.   Thereafter she acquired a residence in Montana, and there sued for divorce, alleging sufficient cause under the laws of that state.   Defendant again employed attorneys who answered, but, having neglected to comply with an order of the court directing him to pay temporary alimony and attorneys' fees, the answer was stricken and the divorce granted.   Some time afterwards she brought this action to eject defendant, who had always maintained his home upon the farm.   He defaulted, judgment was entered, and when, some six months thereafter, execution issued he moved to open the judgment and for leave to defend.   The motion was denied and he appeals.

An affirmance could well be rested on the ground that the action of the court below shows no abuse of judicial discretion.   However, since the learned trial court has made it appear that, had the proposed answer disclosed a possible defense, the motion ought to have been granted, we shall consider the appeal from that view point.

The substance of the proposed answer is that, from the time of the marriage, defendant alone earned whatever was used for the family support and whatever was saved, all his earnings being turned over to plaintiff; that out of the earnings and savings of defendant the farm was bought, paid for and improved; that plaintiff fraudulently, without defendant's knowledge or consent, caused the title to be placed in her name, but that he had always had it in his possession and control as his homestead.   Then come averments which take away the effect of the charge that defendant did not know of or consent to the title being so placed, in this:   It is alleged that plaintiff deceived defendant by her false promises and representations that it made no difference between them in whose name the legal title was, inasmuch as they were husband and wife, "and what belongs to one belongs also to the other, and one could not sell or dispose of the property without the consent or signature of the other, and that they had equal rights in the premises; that the defendant thereafter on several occasions had requested the plaintiff to add the defendant's name to the deed and that the title of said premises should be in both the plaintiff and defendant, but that the plaintiff has at all times, by her promises that the property was the defendant's, and that the legal title did not and should not affect their rights therein and misrepresentations of her love and faithfulness

to her marriage vows, deceived this defendant into believing her promises and representations to be true, and by her superior knowledge and dominating disposition, and by her threats and quarrels has at all times refused and refrained from transferring the legal title to the defendant, until the plaintiff by falsehood, fraud and misrepresentation and deceit was granted a divorce from the defendant."

The quoted allegations clearly admit that defendant was never ignorant of the fact that plaintiff held the title. The fraudulent representations relate merely to her opinion as to the legal status of the parties in respect to the farm. This hardly suffices as a legal ground for declaring a trust ex maleficio; at most, it was misrepresentation as to what the law was by one who, to defendant's knowledge, knew no more law than he did.

It is also true that, but for the divorce, defendant's use and possession of the homestead could not have been disturbed. The fraud alleged against plaintiff in procuring the divorce is not available to defendant as a defense. His failure, after answering therein to comply with the order of the court, prevented a defense, and makes the decree of the Montana court conclusive on him that she had just cause for an absolute divorce. The jurisdiction of that court cannot be questioned. So far as that decree bears on the marriage status of the parties, it is binding in this state. Thurston v. Thurston, 58 Minn. 279, 59 N. W. 1017. And while it could not affect their rights in or to real estate here situate, it did terminate all rights which defendant as a husband had in her property. It cut off absolutely his homestead right to any of her real estate.

By section 6706, G. S. 1913, the absolute title vested in plaintiff, though the defendant paid for the farm, for it appears that the conveyance was made to her. Defendant's proposed answer does not place him in position to attack her title under section 6708, G. S. 1913, because, as stated, it discloses that he had knowledge of the fact that the title was in her and acquiesced therein, and it does not state facts showing that the title was so taken in her name in violation of any trust or through legal fraud.

The main argument of defendant is based on decisions from states having enacted statutes declaring property acquired by joint savings

or earnings of husband and wife to be community property. Such authorities cannot assist us, and it is useless to discuss them, for we have no statute of that sort, and the community property rule has never obtained in this state.

It is to be regretted that defendant's failure to contest the Montana divorce action has resulted in ousting him in old age from the home his labor secured. Especially is this so because, reading between the lines, there arises a well founded suspicion that plaintiff had really no cause for a divorce, but by her persistence in its pursuit so discouraged or impoverished defendant that he failed and neglected to continue his defense.

Order affirmed.