## JOSEPH B. SIEGER v. AMELIA SIEGER.[1]

March 20, 1925.

No. 24,332.

**Constructive trust in favor of husband on wife's property—violation of trust.**

A husband who could not read or write intrusted his wife with the purchase of a home. The husband furnished $2,000 to be used in the purchase. The price was $3,400. Its present value is $5,000. Contrary to agreement she took title in her own name. Upon discovering this fact 16 months later the husband demanded a conveyance to him. It was refused. *Held*:

(1) Equity will impress a constructive trust in favor of the husband.

(2) Resulting and constructive trust distinguished.

(3) The rule is that a trust exists pro tanto the amount of the fund used when the amount thereof is definite or constitutes an aliquot part of the whole consideration.

(4) The presumption, arising from conveyance running to the wife of the person paying the money, that the conveyance was a gift, settlement or advancement is rebuttable.

(5) Under the facts found there was a "violation of some trust," within section 8088, G. S. 1923.

*Headnote 1. See Trusts, 39 Cyc. p. 187.
Headnote 2. See Trusts, 39 Cyc. pp. 26, 27.
Headnote 3. See Trusts, 39 Cyc. pp. 132, 170.
Headnote 4. See Trusts, 39 Cyc. p. 137.
Headnote 5. See Trusts, 39 Cyc. p. 122.

[1]Reported in 202 N. W. 742.

Action in the district court for Hennepin county to obtain title to certain premises. The case was tried before Nye, J., who ordered judgment in favor of plaintiff. Defendant appealed from an order denying her motion for a new trial. Affirmed.

*Jay W. Smith* and *T. M. Thomson,* for appellant.

*Ernest Malmberg* and *Thomas Kneeland,* for respondent.

WILSON, C. J.

Plaintiff sues his divorced wife. Prior to the divorce, he, being unable to read or write, intrusted his wife with the purchase of the real estate involved and on which they were then living. He relied upon her, and reposed absolute confidence in her, and believed that she would guard his interests, and that the legal title to the property would be taken in his name as grantee, but contrary thereto and in violation of the trust imposed, she, wrongfully and without his knowledge or consent, procured a deed with her name as grantee and caused the same to be recorded. Plaintiff did not learn of this until 16 months later when he demanded a conveyance to him. She refused.

Plaintiff has been an industrious and frugal man and the defendant a hard-working and provident woman. Except for $525 received by the wife from her mother's estate, the property owned by the parties was largely the product of plaintiff's labor. When this property was acquired for $3,400, the sum of $2,000 received from the sale of other property and belonging to plaintiff was used, and the balance of the purchase price was paid principally out of funds belonging to defendant. The property is now worth $5,000.

The court found that plaintiff was the owner of an undivided two-fifths of the property and that defendant held the title to such interest in trust for plaintiff. Defendant moved for amended findings or for a new trial. The motion was denied and defendant has appealed from the order denying her motion for a new trial.

Our statute, section 8086, G. S. 1923, provides that no trust shall result in favor of a person who pays the consideration when the title is taken in the name of another. Section 8088 provides that the statute shall not extend to cases where the alienee named in a con-

veyance has taken the same as an absolute conveyance in his own name, without the knowledge or consent of the person paying the consideration, or when such alienee, in violation of some trust, has purchased the lands so conveyed with moneys belonging to another person.

The conduct of defendant as found by the court shows that she obtained the title to this property in bad faith and in taking advantage of a fiduciary relation. She did this in such an unconscientious manner that she should not in equity and good conscience be permitted to keep it. Under such circumstances equity will impress a constructive trust upon it in favor of the husband. Such trusts are those which arise purely by construction in equity and are independent of any actual or presumed intention of the parties. They are known as trusts ex maleficio or ex delicto. They sound in fraud. Henderson v. Murray, 108 Minn. 76, 79, 121 N. W. 214, 133 Am. St. 412; 39 Cyc. 27, note 88; Nester v. Gross, 66 Minn. 371, 69 N. W. 39; Merritt v. Joyce, 117 Minn. 235, 135 N. W. 820; Twohy M. Co. v. Melbye, 78 Minn. 357, 81 N. W. 20; Arnold v. Smith, 121 Minn. 116, 140 N. W. 748; Colby v. Street, 146 Minn. 290, 296, 178 N. W. 599.

There is some confusion between resulting and constructive trusts. In the former there is always the element, although it is an implied one, of an intention to create a trust. The latter arises by operation of law without any reference to any actual or supposed intention of creating a trust and frequently directly contrary to such intention. In fact just as in the case at bar the grantee in the deed holds title in hostility to the world but equity in its benevolence forces a trust upon her conscience and compels her to respond to that which is right. It is put against one not assenting. Stone v. Robinson, 118 Ala. 273, 24 South. 984, 45 L. R. A. 66, 76; 1 Pomeroy, Eq. Jur. § 155 (4th ed.); 3 Pomeroy, Eq. Jur. § 1044.

In Shearer v. Barnes, 118 Minn. 179, 136 N. W. 861, the defendant, Barnes, had wrongfully taken $10,000 out of the funds of a corporation of which he was an officer and invested the same in the purchase of realty at a price of $28,000 and took the title thereto in his own name as grantee without the consent or knowledge of

the company. It was held that a pro tanto trust arose in favor of the corporation to the extent of its funds $10,000 invested therein. This court in the Barnes case quoted with approval from Primeau v. Granfield, 184 F. 480, to-wit:

"No one disputes that when the trustee makes a separate investment of trust funds, though wrongfully, the beneficiary may follow the money into the res, or may elect to pursue the money as a lien or charge upon the res. The claim is that, when the trustee's money is mixed with that of the beneficiary, he loses the right to follow the res as property, and has the right only to hold it for a charge to the extent of the claim. On principle there can be no excuse for such a rule. There is no reason why, by adding his own funds to the beneficiary's, the trustee should change the beneficiary's rights in the investment, provided there is no doubt what was the proportion of ownership in the funds actually invested."

In Cisewski v. Cisewski, 129 Minn. 284, 152 N. W. 642, a husband and wife were equal owners in common of a fund of $4,337 in custody of the wife. Without the knowledge or consent of the husband, the wife gave the money for real estate causing title to be of record in a daughter's name, the wife holding an unrecorded deed. It was held that such use of the funds was a breach of trust and that the husband had the right to claim his half of the property.

We think the rule should be, both as to constructive trusts and resulting trusts, that a trust exists pro tanto the amount of the funds used when the amount thereof is definite or constitutes an aliquot part of the whole consideration. Camden v. Bennett, 64 Ark. 155, 41 S. W. 854; Sanders v. Steele, 124 Ala. 415, 26 South. 882; Costa v. Silva, 127 Cal. 351, 59 Pac. 695; Stevenson v. Smith, 189 Mo. 447, 88 S. W. 86; Baylor v. Hope, 81 Tex. 637, 17 S. W. 230; Obermiller v. Wylie, 36 F. 641; Skehill v. Abbott, 184 Mass. 145, 68 N. E. 37; 39 Cyc. 132, 141. Substance and not form is the important element in equity. The owner of the money that pays for the property should be the owner of the property. Such is the foundation for a resulting trust, and equity should be no less considerate of one whose property has been misappropriated for an

investment than for one who intended that the beneficial interest is not to go with the legal title.

Defendant now claims that, because plaintiff did not pay the whole consideration, he cannot establish a trust. She also says that the facts do not show a "violation of some trust" within the meaning of the statute. Our attention is called to Schierloh v. Schierloh, 148 N. Y. 103, 107, 42 N. E. 409, 410, wherein a wife made the claim that, because she had furnished $1,175 of the purchase price of $13,500, the whole estate vested in her when the husband had promised to have deed made to her, but that, notwithstanding such promise he took the deed in his own name without her knowledge or consent. The decision is in support of defendant's contention. However this case uses this language:

"It may be that in cases where an aliquot or some other definite part of the consideration has been advanced, the parties intending that some specific interest shall vest in the person paying it, or in proportion to the sum paid, there might be a resulting trust to that extent."

But the New York court, in a later case of Leary v. Corvin, 181 N. Y. 222, 73 N. E. 984, 106 Am. St. 542, 2 Ann. Cas. 664, where a daughter made contribution to the purchase of the property on the faith of an agreement with her father which he violated by failure to carry out his agreement to secure to her the property upon his death, used language more consistent with our views. The daughter was unaware that her father had taken an absolute deed in his own name. The exception in our statute permits the common law to operate. So it did in New York and the court said:

"The plaintiff's rights are to be determined under the common law rule. Now, while the rule is as stated, that a trust results in favor of the person paying the consideration for a conveyance, it is the settled law that to bring the case within the rule the payment must be either of the whole consideration or of some aliquot part thereof, or for the value of some particular estate in the premises conveyed."

We are of the opinion that the Schierloh case is inconsistent with our decisions which we believe are based upon reason and justice.

In Skehill v. Abbott, supra, the facts are much the same as here with the element of deception a little weaker and the court termed the consequence a resulting trust.

The appellant urges the doctrine that the rule relative to resulting trusts in favor of the person paying the purchase money for property conveyed to another does not apply where the conveyance is made to the wife of the person paying the money, but in such a case it is to be presumed that the conveyance was intended as a gift, settlement or advancement to the wife and not as a resulting trust to the husband. 39 Cyc. 136. This presumption however, is rebuttable and is not conclusive. There is ample evidence to support the trial court. It is enough that the decision of the trial court was not plainly wrong. But in this case the trust was a constructive trust.

Under the facts in this case we hold: First, that there was a violation of a trust within the meaning of the statute, and, secondly, that it is not necessary for the cestui que trust to pay all the consideration but it is sufficient if he pays a definite or aliquot part thereof and then he is entitled to a trust pro tanto. Constructive trusts are created by equity for the purpose of protecting those who are wronged. Equity cannot look with favor upon the suggestion that the wrongdoer may use two per cent of his own money and ninety-eight per cent of money belonging to another and by virtue of this mixture avoid a trust. This would ignore the reason for the trust, namely, the protection of the party wronged.

Affirmed.