EVA L. LEACH v. FRANK R. LEACH AND ANOTHER.[1]

June 11, 1926.

Nos. 25,311, 25,312.

**Homestead abandoned.**
1. The evidence supports a finding of abandonment of a homestead.

**Partition of realty between husband and wife.**
2. Where husband and wife own real estate as joint tenants and the husband makes improvements with the consent of the wife, there is no implied contract entitling the husband to be reimbursed or protected therefor in an action in partition.

**When no lien for money advanced to make purchase.**
3. In the absence of misconduct, one who advances money to another to enable him to purchase property has no lien therefor unless there is an express agreement showing an intention to charge the property with the debt.

[1] Reported in 209 N. W. 636.

**When court of equity declines jurisdiction.**

4. The court of equity as a rule declines jurisdiction to grant mere compensatory damages when they are not given in addition to or as an incident to some other specific equitable relief.

Equity, 21 C. J. p. 55 n. 89.
Homesteads, 29 C. J. p. 965 n. 39.
Husband and Wife, 30 C. J. p. 564 n. 53.
Liens, 37 C. J. p. 322 n. 29.
Partition, 30 Cyc. p. 238 n. 16.

See 17 R. C. L. p. 605; 3 R. C. L. Supp. p. 711.

Action in partition in the district court for Hennepin county. The case was tried before Leary, J., who ordered judgment in favor of plaintiff. Defendants appealed separately from orders denying their motions for a new trial. Affirmed.

*John Walso* and *Carl A. Youngquist,* for appellants.
*Adolph E. L. Johnson,* for respondent.

WILSON, C. J.

Action in partition. A city lot with a dwelling house thereon is involved. Plaintiff is the wife of defendant Frank Roland Leach. The property was conveyed to them as joint tenants. The husband bought the lot in May, 1912, for $550. In the same year a house was built thereon at a cost of about $2,350, of which $2,000 was procured from defendant Mary Leach, the mother of the husband, as disclosed in Leach v. Leach, 162 Minn. 159, 202 N. W. 448. The property was occupied as a home by plaintiff and her husband until about December 1, 1921, when she left her husband. Thereafter she unsuccessfully prosecuted an action for divorce. On January 18, 1922, plaintiff filed in the office of the register of deeds a certificate giving notice of her claim of homestead to said premises. She made the mother in law a party defendant in this action apparently because she claimed a lien on the premises involved for the interest on said $2,000.

The trial court made findings adverse to defendants and each of them appealed from an order denying his separate motion to amend findings and conclusions of law or for a new trial.

## THE HUSBAND'S APPEAL.

1. If the premises were a homestead at the time of trial an action in partition would not lie. Grace v. Grace, 96 Minn. 294, 104 N. W. 969, 4 L. R. A. (N. S.) 786, 113 Am. St. 625, 6 Ann. Cas. 952. Otherwise it would. Cisewski v. Cisewski, 129 Minn. 284, 152 N. W. 642. The notice of claim of homestead filed by the wife would apply to the entire lot. Kaser v. Haas, 27 Minn. 406, 7 N. W. 824. She owned half. She had a homestead right in the husband's half. It was made adversely to the interests of the husband. But had the premises as a homestead been abandoned? The wife testified that after she failed in the divorce suit she no longer claimed it as such. The husband vacated the property after his wife left him. He rented the premises. He established a residence at a hotel from which he registered and voted. He made no effort to occupy or hold the home as a homestead. Practically four years had gone by at the time of trial since he left it. His removal and absence were voluntary. He did not file the statutory claim of homestead. He was not in fact using the premises as a homestead at the time of trial. If his claim had been real it probably would have been actual. He cannot successfully claim under the notice filed by his wife. The evidence supports the conclusion of the trial court which in substance is that the parties abandoned the homestead. Sheehan v. First Nat. Bank, 163 Minn. 294, 204 N. W. 38. Under G. S. 1923, § 8086, the wife is the owner of an undivided one-half interest in the premises. It was a gift but it was complete. The law imposes no conditions except in divorce actions. G. S. 1923, § 8598; Speiss v. Speiss, 149 Minn. 314, 183 N. W. 822; Gummison v. Johnson, 149 Minn. 329, 183 N. W. 515; Nelson v. Nelson, 149 Minn. 285, 183 N. W. 354. Since the property is not a homestead and this is not an action for divorce, plaintiff must be recognized as the unqualified owner of her half of the premises.

2. It is claimed that the husband should have a lien on the wife's share for one-half the amount of the permanent improvements made by him. The rule of law is that when a permanent improvement has been made by one cotenant with the consent of the other he is entitled to reimbursement and on partition is to be protected. Hunt v. M. C. A. & L. Co. 135 Minn. 134, 160 N. W. 496. Appellant also cites: McDaniel v. L. & N. R. Co. 155 Ala. 553, 46 South. 981; Bartholemew v. Bartholemew, 203 Ill. App. 510; Alleman v. Hawley, 117 Ind. 532, 20 N. E. 441; Shelangowski v. Schrack, 162 Iowa, 176, 143 N. W. 1081; Fair v. Fair, 121 Mass. 559; Fenton v. Miller, 116 Mich. 45, 74 N. W. 384, 72 Am. St. 502; McKelvey v. McKelvey, 83 Kan. 246, 111 Pac. 180; Tedder v. Tedder, 109 S. C. 451, 96 S. E. 157. But we think this rule does not apply when the cotenants are husband and wife and there is no express agreement for such reimbursement. When such relation exists there is no implied contract for such reimbursement. This statement finds slight support in Johnson v. Johnson, 16 Minn. 462 (512). In this case it is clear that such was never contemplated. The original gift from the husband's mother was really a gift to both. Both signed the note. The husband gave the wife a half interest in the real estate. There is nothing to indicate that either of the parties ever supposed that the wife was obligatd to pay to the husband any amount as her half of any improvements made.

## THE MOTHER'S APPEAL.

3. Mary Leach sought to charge the premises with a lien to secure the payment of the interest on the $2,000 for which the other parties had obligated themselves. The $2,000 was used in building the house. That was a gift. But the transaction required the payment of interest. The lien is sought to secure its payment. No lien or security was exacted as a part of the original transaction. We know of no rule of common law nor of any statute which will support or give a lien under such circumstances. It is urged that equity will reach the facts and create a lien. This case however cannot be classed with those cases where a court of equity will trace money after a wrongful conversion and impose a trust on the prop-

erty acquired by it; or where there is a violation of a trust such as in Sieger v. Sieger, 162 Minn. 322, 202 N. W. 742. The general rule is that, in the absence of misconduct, one who advances money to another to enable him to purchase property has no lien therefor unless there is an express agreement showing an intention to charge the property with the debt. Strong v. Krebs, 63 Miss. 338; Walther v. Knutzen, 37 Neb. 420, 55 N. W. 1060; Ruhl v. Kauffman & Runge, 65 Tex. 723. If there is a violation of the contract the mother has an appropriate remedy at law.

4. A motion was made to amend the findings and conclusion of law so that the mother might have a personal judgment for the interest now due even though she had no lien on the property. This relief is sought under the prayer for "such other and further relief as may be just." The court's failure to award such money judgment is assigned as error.

This is an equitable action. Hoerr v. Hoerr, 140 Minn. 223, 165 N. W. 472, 167 N. W. 735. When a court of equity once takes jurisdiction of a case it is its duty to determine all rights and obligations pertaining to the subject matter and to grant full measure of relief. 2 Dun. Dig. § 5041. But in applying this rule to an action in partition we must remember that the "subject matter" is the property. The only reason for the mother being a party to this action involved the question as to whether she had a lien on the property. Whether either or both of the other parties owed her money on a legal demand was really beyond the scope of the action. This was litigated only as an incident to the claim of lien. Indeed, it is our understanding that the question of legal liability for the interest has heretofore been determined in favor of the mother. Assuming, for the purpose of this case only, that the court had power and authority as a court of equity to have awarded a money judgment between two of the parties arising out of a purely legal demand, we are of the opinion that it was within its discretion to decline to do so. A court of equity as a rule declines the jurisdiction to grant mere compensatory damages when they are not given in addition to or as an incident of some other special equitable relief.

If such power exists, and perhaps it may, it should not be exercised unless it be necessary to promote the ends of justice. The record in this case was not such as to provoke such action on the part of the trial court.

Both orders are affirmed.