**276**

Margaret P. Mackinney
vs.    Equity No. 452
Harold A. Mackinney

RESCRIPT

February 15, 1919

TANNER, P. J. This is a bill in equity in which the complainant alleges that in 1907, while then married to the respondent, she and the respondent purchased a large tract of land, the complainant paying one half the purchase price out of her own separate estate; that the title to the said land was taken by the respondent in his own name, although this was not known to the complainant until long afterwards;

that at various times between 1909 and 1918 the complainant has paid to the respondent and other parties large sums of money for the building and erecting on said tract of land a certain house and addition thereto and for certain repairs and improvements and for the taxes assessed on said premises and for the insurance on said house and addition thereto, amounting to ten thousand dollars, and no part of the cost of erecting said house and addition, except the cost of certain plumbing, no part of the said repairs, improvements, taxes, and insurance was furnished by said respondent; and that all said amounts were paid by the complainant out of her separate estate and that she is entitled to a lein upon said land and all the improvements thereon or the payment to her of all said sums paid by her as aforesaid. The bill prays that an account be taken of moneys due the complainant and that said property be declared subject to a lien and charged with the amount ascertained as aforesaid.

The case is heard upon the demurrer of the respondent. The principal ground of demurrer is that the payments made by the plaintiff were purely voluntary, made for her own benefit and not at the request of the defendant; also that so far as appears from the bill none of the payments made by the plaintiff were made at the request of the defendant nor as loans or advances to him, so that no ground appears for a claim by the plaintiff against the defendant or for a lien in favor of the plaintiff in said land.

The case was argued by both counsel correctly, we think, upon the theory that the existence of a lien depended

**277**

upon the existence of any resulting trust in the property by reason of the use of the complainant's money in the original purchase thereof. No express agreement is alleged in the bill showing an intention to charge the property with the purchase money advanced by

the complainant or the moneys advanced by her in the erection of the improvements or the payments of charges upon the estate. The question of any equitable lien therefore must depend, as was argued, upon the question of any resulting trust by reason of payment of half of the original purchase money.

The complainant has cited cases showing that there is no presumption that the separate money of a wife advanced to her husband is a gift and showing also that a wife's money thus used by her husband in the purchase of real estate would constitute a resulting trust. It is quite true, as argued by the complainant, that there is no presumption of a gift as there would be if the money had been advanced by the husband and title taken in the name of the wife. The cases cited by the complainant, however, are cases where the whole purchase price was advanced by the wife. In the present case, however, we must deal with the established rule in this state, as well as in most states, to the effect that where any person furnishes only part of the purchase price of real estate no trust results unless the money was furnished for the payment of a certain definite interest in the real estate. Perry on Trust does contain the statement that a payment of a distinct fraction, as, for instance, one half of the purchase price, is sufficient. The statement however, is not supported by the authorities quoted.

The case which comes nearest to supporting the statement in the text book is Scheill vs. Abbott, 184 Mass. 145. It appeared in that case that it was understood between the plaintiff and her husband that she should have the benefit of a thousand dollars contributed by her to provide for her old age and it was at first suggested that this should be effected by the husband's taking the title and giving a mortgage to secure the payment of the thousand dollars. **This being** abandoned by advice of counsel, the plaintiff then said that she wanted her name to be in the deed and

this was agreed to by the husband, and, in addition to these facts found by the Judge, there was evidence that the plaintiff not only stipulated that her name should appear in the deed but what she insisted on was that it should appear in the deed for her interest in the property. The Judge further found that in place of keeping his agreement the husband took the title in his own name and that, although the plaintiff did not stipulate for an undivided two-fifths interest in terms, yet that was understood between the plaintiff and her husband and it was on that understanding that she parted with her money.

### 278

The bill here contains simply the general statement that the complainant and the respondent purchased a large tract of land, the complainant paying one half of the purchase price out of her won separate estate and moneys. We do not feel that we can, under Rhode Island decisions, take this as being the statement of a resulting trust witout at least some further statement to the effect that there was an understanding between the parties that the complaint should have the half interest in the property. We do not think it was necessary to allege that the money was advanced at the request of the husband. A voluntary payment by the wife would be quite sufficient if made under the conditions we have stated. In the absence of any such definite statement, however, we feel obliged to sustain the demurrer.

Demurrer sustained.

For Complainant: Tillinghast & Collins.

For Respondent: Green, Hinckley & Allen.